IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Terrence Bradshaw, | ) | C/A No. 0:18-3080-DCN-PJG |
|                  Plaintiff, | ) ) ) | |
| v. | ) ) | **REPORT AND RECOMMENDATION** |
| Bryan P. Stirling, | ) ) ) | |
|                  Defendant. | ) ) | |

The plaintiff, Terrence Bradshaw, a self-represented state prisoner, brings this civil rights action pursuant to 42 U.S.C. § 1983. The Complaint has been filed pursuant to 28 U.S.C. § 1915 and § 1915A. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). By order dated December 14, 2018, the court provided Plaintiff the opportunity to file an amended complaint to correct the deficiencies identified by the court that would warrant summary dismissal of the Complaint pursuant to § 1915 and § 1915A. (ECF No. 9.) Plaintiff responded by filing an Amended Complaint. (ECF No. 14.) Having reviewed the Amended Complaint in accordance with applicable law, the court concludes the Amended Complaint still fails to state a plausible claim and should be summarily dismissed with prejudice and without issuance of service of process.

**I.     Factual and Procedural Background**

In the original complaint, Plaintiff, an inmate at the Broad River Correctional Institution of the South Carolina Department of Corrections ("SCDC"), indicated the director of SCDC, Defendant Bryan P. Stirling, "misrepresented" the law regarding inmates serving eighty-five percent of their sentences, regardless of earned work credits, causing him to lose over one thousand days of earned

work credit in violation of multiple constitutional provisions.  Specifically, Plaintiff indicated Stirling has abused his discretion in interpreting South Carolina Code §§ 24-3-30 and 24-13-150. Plaintiff sought damages against Stirling in his individual capacity pursuant to 42 U.S.C. § 1983.

By order issued December 14, 2018, the court identified deficiencies in the Complaint that justify summary dismissal of Plaintiff's action.  (ECF No. 9.)  The court explained that Plaintiff failed to allege any facts about Stirling that would show that Stirling had any involvement in the purported constitutional violations that Plaintiff alleges in the Complaint.  See Iqbal, 556 U.S. at 676 (providing that a plaintiff in a § 1983 action must plead that the defendant, through his own individual actions, violated the Constitution); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985) ("In order for an individual to be liable under § 1983, it must be 'affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights.  The doctrine of *respondeat superior* has no application under this section.' ") (quoting Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977)).  The court also explained that to the extent Plaintiff argued only that Stirling has not allowed Plaintiff to apply his earned work credits to eighty-five percent of his sentence pursuant to South Carolina Code § 24-13-150, Plaintiff failed to allege facts to plausibly show how that would violate a federal right.

Plaintiff filed an Amended Complaint in which he claims Defendant Stirling has broad authority and control of the prison system's rules and regulations. (Am. Compl., ECF No. 14 at 4.) Plaintiff claims he is receiving good time credits but "they are not being apply [*sic*] to Plaintiff's 85% sentence."  (Id. at 5.)  He claims that precedent from the United States Supreme Court states that "all no parole sentence are to receive a 1 day full credit for every 2 days serve EWC's."  He

seeks damages for cruel and unusual punishment, a violation of the Double Jeopardy Clause, and "kidnapping on behalf of all EWC's . . . and good time accumulated." (Id. at 6.)

**II.     Discussion**

   **A.     Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Amended Complaint pursuant to the procedural provisions of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), including 28 U.S.C. § 1915 and 28 U.S.C. § 1915A.  The Amended Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit, and is also governed by 28 U.S.C. § 1915A, which requires the court to review a complaint filed by a prisoner that seeks redress from a governmental entity or officer or employee of a governmental entity.  See McLean v. United States, 566 F.3d 391 (4th Cir. 2009).  Section 1915A requires, and § 1915 allows, a district court to dismiss the case upon a finding that the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

In order to state a claim upon which relief can be granted, the plaintiff must do more than make mere conclusory statements.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face.  Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 570.  The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions.  Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.



This court is required to liberally construe *pro se* complaints, which are held to a less stringent standard than those drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

**B.     Analysis**

The court finds that despite having availed himself of the opportunity to cure the deficiencies previously identified by the court, Plaintiff's Amended Complaint should nonetheless be summarily dismissed. See Martin v. Duffy, 858 F.3d 239, 247-48 (4th Cir. 2017) (finding the plaintiff's "repeated, ineffective attempts an amendment" suggest further amendment would be futile). The Amended Complaint does not contain any new facts that would show that Defendant Stirling is personally involved in the deprivation of any right. See Iqbal, 556 U.S. at 676. Plaintiff's mere assertion that Stirling has broad authority and control over the prison system's rules and regulations fails to allege specific facts that show Stirling was personally involved in misapplying Plaintiff's good time credits. See Wright, 766 F.2d at 850. Moreover, to the extent Plaintiff is arguing only that Stirling has not allowed Plaintiff to apply his earned work credits to eighty-five percent of his

sentence pursuant to South Carolina Code § 24-13-150, Plaintiff fails to allege facts to plausibly show how that would violate a federal right.[1]

**III.    Conclusion**

Accordingly, the court recommends that the Amended Complaint be summarily dismissed with prejudice and without issuance and service of process.  See Workman v. Morrison Healthcare, 724 F. App'x 280, 281 (4th Cir. 2018) (in a case where the district court had already afforded the plaintiff an opportunity to amend, directing the district court on remand to "in its discretion, either afford [the plaintiff] another opportunity to file an amended complaint or dismiss the complaint with prejudice, thereby rendering the dismissal order a final, appealable order") (citing Goode v. Cent. Va. Legal Aid Soc'y, Inc., 807 F.3d 619, 630 (4th Cir. 2015)).

January 29, 2019                                                         Paige J. Gossett
Columbia, South Carolina                                    UNITED STATES MAGISTRATE JUDGE

*Plaintiff's attention is directed to the important notice on the next page.*

---

[1] Plaintiff cites to Johnson v. Avery, 393 U.S. 483 (1969); Ex parte Hull, 312 U.S. 546 (1941); Bounds v. Smith, 430 U.S. 817 (1977); and Lewis v. Casey, 518 U.S. 343 (1996), for the proposition that "all no parole sentence are to receive a 1 day full credit for every 2 days serve EWC's," but none of these cases involves claims about the deprivation of earned work credits.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).